

T**HE** C**ITY OF** N**EW** Y**ORK**
L**AW** D**EPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**JAMES JOHNSON**
*Corporation Counsel*

**GIANCARLO MARTINEZ**
*Assistant Corporation Counsel*
phone: (212) 356-3541
fax: (212) 356-3509
gmartine@law.nyc.gov

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/13/19

November 13, 2019

**BY ECF**
Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**MEMORANDUM ENDORSED**

Re: Philip E. DeBlasio v. Hassan, et al., 19-CV-851 (GHW)

Your Honor:

I am an Assistant Corporation Counsel in the Office of James Johnson, Corporation Counsel of the City of New York, and the attorney assigned to the defense of the above-referenced case. Defendants write to request the Court dismiss this action against defendants for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, or in the alternative, respectfully request the Court order plaintiff to provide fully executed releases by a date certain.

**A. Procedural Background**

By way of background, on January 28, 2019, plaintiff Philip E. DeBlasio, proceeding *pro se*, filed his Complaint alleging, *inter alia*, that on December 3, 2018, Officers Young and Cevallos failed to protect plaintiff from being attacked by another inmate. (DE 2) Plaintiff also alleges medical negligence on behalf of Dr. Hassan for not ordering a CAT scan as soon as he was injured[1]. This Office mailed medical releases limited to the date of incident to plaintiff on March 18, 2019, April 17, 2019, May 13, 2019, and June 11, 2019. Having not received a response nor properly executed releases, on August 13, 2019, defendants filed a Motion to Compel plaintiff to produce properly executed authorizations for his medical records. (DE 20). On August 27, 2019, the Court held a telephone conference to discuss defendants' Motion to Compel and on August 28, 2019 issued an Order directing plaintiff to sign and return

---

[1] In his Complaint, plaintiff alleges he sustained a hairline fracture of his septum, two black eyes, a sore jawline, and a broken eye socket.

the releases by September 20, 2019. (DE 23). On August 28, 2019, the undersigned mailed the necessary releases to plaintiff with highlighted portions that are necessary to be filled out. (See Exhibit A). On September 19, 2019, the undersigned received these releases, however, plaintiff failed to properly fill out the portions necessary for the undersigned to request any medical records, further delaying this litigation. (See Exhibit A[2]).

## B. The Complaint Should be Dismissed for Failure to Prosecute

Under Rule 41(b), "[if] the plaintiff fails to prosecute or to comply…with a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Failure to comply with a court order, standing alone, justifies dismissal, just as a plaintiff's failure to prosecute is singularly sufficient to warrant dismissal. Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 667 (2d Cir. 1980).

The Second Circuit has held that dismissal under Rule 41(b) is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." Lyell Theatre Corp., 682 F.2d 37, 42 (2d. Cir 1982). Courts analyze dismissals, pursuant to Rule 41(b), upon the balancing of five factors: "(1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to prosecute his case would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal." Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Here, a balancing of the Lucas factors favor dismissal.

With respect to the first factor, plaintiff was ordered to properly complete releases on August 28, 2019. (DE 23). Plaintiff's claims concern injuries he allegedly suffered and medical treatment he allegedly did not receive. His medical record is integral to the defense of this matter. At the August 27, 2019 telephone conference, plaintiff was made aware of the necessity of these records and has now failed to provide properly executed releases to defendants. Moreover, this Office had mailed plaintiff the same releases on March 18, 2019, April 17, 2019, May 13, 2019, and June 11, 2019. Plaintiff had failed to respond to any of those requests. Accordingly, the first Lucas factor weighs in favor of dismissal.

With regard to the third factor, defendants will be prejudiced by any further delay on plaintiff's part. Absent properly executed releases, defendants cannot meaningfully proceed with discovery. Most significantly, plaintiff is depriving defendants of the opportunity to defend themselves by withholding information central to the claims alleged in the Complaint. Accordingly, the third Lucas factor weighs in favor of dismissal.

As to the fourth and fifth factors, plaintiff has failed to properly comply with the Court's August 27, 2019 Order. While plaintiff did provide a response by September 21, 2019, his response was plainly deficient despite defendants marking what portions of the releases were

---

[2] The undersigned has redacted plaintiff's personal identifying information.

needed to properly obtain the documents. (See Exhibit A). In the releases received, he failed to input portions such as his Date of Birth, his signature, and indicate the dates of treatment[3]. Accordingly, given the multiple opportunities plaintiff had to comply with providing executed releases, any sanction of a lesser severity would be entirely ineffective and would be a waste of judicial resources. Thus the fourth and fifth Lucas factors weigh in favor of dismissal.

### C. Conclusion

For the foregoing reasons, defendants respectfully request that the Court dismiss this action, with prejudice, pursuant to Rule 41(b), or in the alternative, respectfully request the Court order plaintiff to provide fully executed releases by a date certain.

Defendants thank the Court for its attention to this matter.

Respectfully submitted

/s/
Giancarlo Martinez
*Assistant Corporation Counsel*
Special Federal Litigation Division

The Court will hold a telephone conference on Tuesday, November 26, 2019 at 11:00 a.m. to discuss the issues raised by Defendants' letter.

The Warden or other official in charge of the Marcy Correctional Facility, located in Marcy, New York, is directed to produce inmate Philip E. DeBlasio, DIN No. 19-A-0070, at a location within the facility with a telephone for the ordered telephone conference on Tuesday, November 26, 2019 at 11:00 a.m., and for so long thereafter as the conference continues. Plaintiff is directed to appear in such place as designated by the Warden or other official in charge of the Marcy Correctional Facility so that he may attend the scheduled telephone conference. If the scheduled time and date for this telephone conference presents an inconvenience, the Warden or the Warden's designee should promptly inform Chambers by calling the Courtroom Deputy at (212) 805-0296.

Defense counsel must: (1) send this order to the Warden immediately; (2) contact the correctional facility identified above to determine the telephone number at which Plaintiff will be reachable at the time and date of the conference; and (3) telephone the Court with Plaintiff on the line at the time and date of the conference.

The Clerk of Court is directed to mail a copy of this order to Plaintiff by first-class and certified mail.

SO ORDERED.

Dated: November 13, 2019
New York, New York

_____
GREGORY H. WOODS
United States District Judge