USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/18/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X
:
PHILIP E. DEBLASIO, :
:
Plaintiff, :    1:19-cv-00851-GHW
:
-v - :    ORDER
:
:
DR. HASSAN, CORRECTIONAL OFFICER :
YOUNG, Shield No. 4631, CORRECTIONAL :
OFFICER CEBALLOS, Shield No. 5991, :
:
Defendants. :
:
-----------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

Plaintiff Philip DeBlasio, proceeding *pro se* and *in forma pauperis*, instituted this action on January 19, 2019. Dkt. Nos. 1–3. After Defendants moved to dismiss this case for lack of prosecution, this Court held a teleconference with the parties in which it made clear to Plaintiff his obligation to prosecute this case. Commenting on DeBlasio's apparent failure to provide executed medical releases to Defendants, the Court explained: "So, Mr. DeBlasio, this is very important just because we can't really move forward with your case without this information. I understand that you are working in good faith to fill these things out, but it is really necessary that we complete this step so that you can both move forward with the litigation. So, there is the possibility of sanctions if you fail to do this properly, including the prospect of dismissal of the action for failure to prosecute or otherwise. My hope, therefore, is that you will do this, and that this is the last time we have to talk about these issues, and we can move forward with the remainder of discovery shortly." Dkt. No. 32 at 25:7–19. In response, Mr. DeBlasio made clear he understood: "So, your Honor, what you're saying is this is serious, and I need to get all my P's and Q's." *Id.* at 25:20–21.

On February 4, 2021, the Court scheduled a conference to take place on February 16, 2021. Dkt. No. 58. On February 16, the Court attempted to conduct the conference but could not do so because Plaintiff did not appear. Dkt. No. 64. In an order issued later that day, the Court reminded Mr. DeBlasio of his obligations as a litigant and the potential consequences should he fail to live up to them:

> While the Court understands that Plaintiff is proceeding pro se, that status does not relieve him of his obligation to comply with this Court's orders. As the Court explained in its February 9, 2019 order, pro se litigants are obligated to promptly notify the Pro Se Office of any change in their service address. Upon receipt of this order, Plaintiff is directed to immediately provide the Court and Defendants with an address at which he may be contacted. The Court reminds Mr. DeBlasio that failure to prosecute this action or to comply with the Court's orders may result in dismissal of his case.

*Id.* at 1.

The Court scheduled another conference for March 3, 2021. Mr. DeBlasio failed to attend that conference too. In response, the Court issued another order, once again setting a conference, this time for March 30, 2021. Dkt. No. 65. The Court also repeated its admonition that "failure to prosecute this action or to comply with this Court's orders may result in dismissal of this action." *Id.* at 1. Unfortunately, Mr. DeBlasio once again failed to appear, the third time he has failed to comply with this Court's orders to appear for a discussion of issues relevant to this case. At this stage, Mr. DeBlasio's repeated absences from scheduled conferences has wasted the time of the Court and Defendants. Because Mr. DeBlasio apparently has no intent to prosecute this action, the Court dismisses this case without prejudice.

### I. LEGAL STANDARD

Fed. R. Civ. P. 41(b) provides, in relevant part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district

2

court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Although appellate courts apply a number of factors in reviewing a district court's decision to dismiss an action for failure to prosecute, "a district court is not required to discuss each of the factors on the record." *Martens v. Thomann*, 273 F.3d 159, 180 (2d Cir. 2001); *accord Dinkins v. Ponte*, No. 15-cv-6304 (PAE) (JCF), 2016 WL 4030919, at *3 (S.D.N.Y. July 26, 2016) ("[C]ourts need not discuss each factor, though the reasoning underlying their decisions should be apparent."); *Mahadi v. Johnson Controls, Inc.*, No. 02-CV-1256 (ILG), 2003 WL 21244545, at *3 (E.D.N.Y. Apr. 25, 2003) ("A court need not discuss" the relevant factors, "but the record will benefit from the reasoning of the Court.").

Dismissal "may be imposed even against a plaintiff who is proceeding *pro se*, so long as a warning has been given that noncompliance can result in dismissal." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994). "[A]ll litigants, including pro ses [sic], have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 123 (2d Cir. 1988). It is Plaintiff's responsibility to "keep[ ] the Court apprised of any changes to [his] notice address . . ., so that orders, notices and other court documents can reach [him]." *Rubin v. Abbott Labs.*, 319 F.R.D. 118, 121 (S.D.N.Y. 2016); *see also Love v. Amerigroup Corp.*, No. 09-CV-4233 (ILG)(RER), 2010 WL 2695636, at *4 (E.D.N.Y. June 2, 2010) ("When a party changes his address, it is his obligation to notify the court of the new address." (collecting cases)); *Hibbert v. Apfel*, No. 99-CV-4246 (SAS), 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) (dismissing case for failure to prosecute where notices sent to pro se plaintiff warning of possible dismissal were returned to sender).

## II. DISCUSSION

The Court finds that dismissal of Plaintiff's complaint without prejudice is warranted. As the procedural history recounted above makes clear, Plaintiff has received repeated warnings that failure to comply with this Court's orders may result in dismissal of this action. Despite the clarity of the Court's instructions, Mr. DeBlasio has now disobeyed three orders of this Court and, in doing so, evidenced his unwillingness to see this case through. While it is his prerogative to no longer pursue this action—it is, after all, his case—he is not entitled to have it maintained on the docket despite his demonstrated disinterest. The Court has considered whether a lesser sanction is appropriate. In light of Mr. DeBlasio's refusal to prosecute this case with full knowledge of the consequences of that decision, the Court concludes it is not. *See Smith v. Dinoia*, No. 19-CV-4471 (KMK), 2020 WL 4041449, at *1–2 (S.D.N.Y. July 17, 2020) (dismissing case where plaintiff was unresponsive despite warnings that the case could be dismissed for failure to prosecute); *Leon v. Rockland Psychiatric Ctr.*, No. 15-CV-5040 (KMK), 2017 WL 6948591, at *1–2 (S.D.N.Y. Nov. 28, 2017) (same).

Accordingly, Plaintiff's complaint is dismissed without prejudice for failure to prosecute and failing to comply with numerous orders of the Court.

The Clerk of Court is directed to adjourn all hearings, terminate all pending motions, and to close this case. The Clerk of Court is additionally directed to mail a copy of this order to Plaintiff by first class and certified mail.

SO ORDERED.

Dated: June 18, 2021
New York, New York

_____
GREGORY H. WOODS
United States District Judge